IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) Case No. 21-cr-520 |
| Plaintiff, | ) |
| | ) Judge Dan Aaron Polster |
| v. | ) |
| | ) **OPINION & ORDER** |
| DOUGLAS SMITH, | ) |
| | ) |
| Defendant. | ) |

Before the Court is pro se defendant Douglas Smith's second Motion/Request for Copy of the Grand Jury Transcripts (the "Motion"). ECF Doc. 29. Two months ago, Smith made a similar request for grand jury transcripts, which the Court denied without prejudice because Smith failed to identify a compelling need for the transcripts. ECF Docs. 25, 26. The instant Motion likewise fails to satisfy the heavy burden placed on a criminal defendant who requests grand jury transcripts, and, therefore, is DENIED.

As the Court has previously articulated, grand jury proceedings are presumptively secret, and a criminal defendant has no absolute right to information presented to the grand jury. Fed. R. Crim. P Rule 6(e); *United States v. Keys*, 991 F.2d 797 (Table), at *2 (6th Cir. 1993). A criminal defendant can obtain grand jury transcripts only after showing: (1) the disclosure is sought preliminarily to or in connection with a judicial proceeding; and (2) a compelling need for disclosure exists. *In re Grand Jury 89-4-72*, 932 F.2d 481, 483 (6th Cir. 1991).

Smith has again failed to meet this heavy burden. In its prior order, the Court provided Smith with the Sixth Circuit's standard for grand jury transcript requests, but Smith still has not identified any need for this information, let alone a compelling one. *Compare* ECF Doc. 26, *with* ECF Doc. 29. Without evidence of such a need, the Court cannot and will not grant the Motion.

Rather than attempt to meet this burden, the Motion instead relies on two misstatements of law. Neither of Smith's legal arguments overcome the grand jury's presumption of secrecy or otherwise entitle Smith to the transcripts.

First, Smith incorrectly claims that he is not required to show a compelling need for the grand jury transcripts because he has the right to object to the grand jury under Rule 6(b), which does not expressly impose any burden on criminal defendants. However, this argument is inapposite because Smith has not objected to the grand jury under Rule 6(b). Rather, the Motion seeks the grand jury transcripts under Rule 6(e)(3)(E)(ii), and, as explained above, the Sixth Circuit has interpreted this sub-section as imposing a high burden on criminal defendants. And, even if Smith is seeking the grand jury transcripts to bring a Rule 6(b) motion, Smith still must first meet the compelling-need requirement to obtain those transcripts under Rule 6(e)(3)(E)(ii).

Smith's second argument fares no better. He asserts that he has an "automatic right" to access to grand jury testimony and evidence under the Sixth Amendment's confrontation clause. Yet, the core of the confrontation clause is to ensure criminal defendants may confront the Government's witnesses at trial, and it does not apply to grand jury proceedings. *See generally Crawford v. Washington*, 541 U.S. 36 (2004) (defining a defendant's confrontation rights at trial); *see also Gerstein v. Pugh*, 420 U.S. 103, 120-21 (1975) (observing that "confrontation and cross-examination" of witnesses is unnecessary in a grand jury proceeding to determine probable cause to indict). In turn, the Sixth Amendment does not, as Smith suggests, provide criminal defendants with an automatic right to access grand jury transcripts. To be sure, Smith may become entitled to some of the evidence presented to the grand jury under *Brady* or to a witness's grand jury testimony under the Jencks Act. Still, the right to such evidence does not derive from the Sixth Amendment's

confrontation clause, and the Court notes that Smith's argument to the contrary would eviscerate the long-standing and well-developed presumption of secrecy in grand jury proceedings.

Accordingly, Smith's Motion/Request for Copy of the Grand Jury Transcripts (ECF Doc. 29) is hereby **DENIED**. Furthermore, Smith is **ORDERED** to refrain from filing any additional requests that do not attempt to show a compelling and particularized need for the grand jury transcripts.

**IT IS SO ORDERED.**

*/s/ Dan Aaron Polster July 18, 2022*
**Dan Aaron Polster**
**United States District Judge**