# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 21-cr-520 |
| Plaintiff, ) | |
| ) | Judge Dan Aaron Polster |
| v. ) | |
| ) | **OPINION & ORDER** |
| DOUGLAS SMITH, ) | |
| ) | |
| Defendant. ) | |

Before the Court are pro se defendant Douglas Smith's Second Motion for Recusal (the "Second Recusal Motion"), ECF Doc. 36, and his Third Request for a Copy of the Grand Jury Transcripts (the "Third Transcripts Motion"), ECF Doc. 37. For the following reasons, both the Second Recusal Motion and the Third Transcript Motion are DENIED, and Smith's request for a continuance of his trial date is further DENIED.

### A.  The Second Recusal Motion

As in Smith's first request for recusal, the Second Recusal Motion is premised upon Smith's disagreement with several of the Court's prior rulings, namely: the denial of Smith's request to proceed pro se at the hearing on October 13, 2021; the contempt order detaining Smith for two weeks following the hearing on October 13, 2021; the order requiring Smith retain standby counsel after the Court granted Smith's request to proceed pro se at the hearing on January 25, 2022; and the two denials of Smith's request for grand jury transcripts, issued on May 25, 2022, and on July 18, 2022. *See* ECF Docs. 33, 36.

Yet, as explained in the prior order denying recusal, Smith's disagreement with the Court's legal rulings is not a basis for recusal. ECF Doc. 34; *see also* 28 U.S.C. § 544; *Consolidated Rail Corp. v. Yashinsky*, 170 F.3d 591, 597 (6th Cir. 1999). Rather, the proper mechanism to challenge

the above-listed rulings is an appeal from final judgment. *Liteky v. United States*, 510 U.S. 540, 555 (1994). Indeed, recusal is appropriate only when a party comes forward with evidence that would lead a reasonable personable to believe that the judge possesses extrajudicial bias or prejudice. *United States v. Nelson*, 922 F.2d 311, 319-20 (6th Cir. 1990). But Smith has not provided any evidence to suggest that the Court's rulings have been influenced by a source other than its participation in these proceedings, nor can Smith ever adduce such evidence because the Court's rulings have been based solely on the facts presented and the applicable law. Therefore, the Motion does nothing to alter the Court's previous ruling on this issue, and recusal is still neither required nor appropriate. *See United States v. Angelus*, 258 F. App'x 840, 842 (6th Cir. 2007) ("[A judge] has an equally strong duty to sit where disqualification is not required.").

Moreover, the Second Recusal Motion's arguments about the prior rulings are baseless, and, given that Smith is proceeding pro se, the Court will again explain why these arguments fail for his edification. First, with respect to Smith's contention that the Court "criminally violated" Smith's Sixth Amendment rights by denying his initial request to proceed pro se and by later appointing standby counsel, those rulings can never constitute a crime because neither the Sixth Amendment nor any statute criminalize a court's proper denial of a self-representation motion. Plus, the Court ultimately allowed Smith to proceed pro se, and the Supreme Court has long held that the unsolicited appointment of standby counsel does not violate the Sixth Amendment. *See McKaskle v. Wiggins*, 465 U.S. 168, 176-77 (1984). Second, with respect to the contempt order, the Court held Smith in contempt of court after learning that he was obstructing the case by preventing his attorney from conducting discovery. ECF Doc. 9. Thus, it is irrelevant that Smith was "calm and respectful" during the hearing October 13, 2021, because the contemptuous act occurred prior to the hearing. Finally, with respect to the transcripts of the grand jury proceedings,

Smith's argument in the Second Recusal Motion is based on a fundamental misreading of Rule 6(e)(3)(A) of the Federal Rules of Criminal Procedure.* That sub-section explicitly states that grand jury material "other than the grand jury's deliberations or any grand juror's vote" may be disclosed to certain government officials, meaning that the government officials may *not* obtain the grand jury's deliberations and votes. In turn, Smith is not entitled to the grand jury transcripts under Rule 6(e)(3)(A) because such material is not subject to disclosure and because Smith is not a government official who may seek disclosure under that sub-section.

**B.**     **The Third Transcript Motion**

The Third Transcript Motion seeks disclosure of the grand jury transcripts on two grounds that are nearly identical to the arguments in Smith's second request for a copy of the grand jury transcripts. *Compare* ECF Doc. 29, *with* ECF Doc. 37. More specifically, Smith again argues that he is entitled to this material because: (1) Rule 6 of the Federal Rules of Criminal Procedure does not require a criminal defendant to justify his request for grand jury materials when such materials are needed to prepare a defense, and any caselaw to the contrary must be disregarded; and (2) the Sixth Amendment's confrontation clause entitles him to the grand jury materials, and any "policy" the prevents disclosure of this material is not only void, but also amounts to a crime under 18 U.S.C. § 242. ECF Doc. 37 at 3-4.

However, as the Court has previously explained and now reiterates for a third time, disclosure of grand jury transcripts to a criminal defendant is appropriate only when that defendant comes forward with a compelling and particularized need for the material. *United States v. Azad*, 809 F.2d 291, 295 (6th Cir. 1986). Yet, Smith has not identified any such need for the grand jury transcripts, and his claim that these materials will help him prepare for trial is insufficient to meet

---

* The Court addresses Smith's additional arguments regarding the grand jury transcripts in Point B, *post*.

the Sixth Circuit's long-established standard. *See United States v. Ferguson*, 844 F. Supp. 2d 810, 829 (E.D. Mich. 2012) ("In fact, it is difficult to imagine what need could be more general than a need to prepare for trial."). Rather, Smith must prepare for trial using materials obtained through the discovery process and, as necessary and appropriate, through Jencks Act disclosure.

Furthermore, as the Court has previously articulated, both of Smith's arguments are meritless. *See* ECF Doc. 32. First, Rule 6 makes clear that grand jury proceedings are presumptively secret, and a trial court is invested with discretion to determine when disclosure to a criminal defendant is appropriate and necessary. Fed. R. Crim. P. Rule 6(e)(2), (e)(3)(E)(ii). In exercising the discretion afforded by Rule 6, the Court must adhere to Sixth Circuit's standards for disclosing the grand jury transcripts, and Smith's argument that appellate court rulings are "gloss" that can be ignored is simply incorrect in a common law system. Second, the Sixth Amendment's confrontation clause does not extend to grand jury proceedings. *See generally Crawford v. Washington*, 541 U.S. 36 (2004) (defining a defendant's confrontation rights at trial); *see also Gerstein v. Pugh*, 420 U.S. 103, 120-21 (1975) (observing that "confrontation and cross-examination" of witnesses is unnecessary in a grand jury proceeding to determine probable cause to indict). Thus, contrary to Smith's position, a trial court's refusal to disclose grand jury transcripts does not violate a criminal defendant's right of confrontation, and there is no basis for culpability under 18 U.S.C. § 242 because the Court has not willfully violated any of Smith's constitutional rights by merely holding him to the Sixth Circuit's standard for disclosure of grand jury transcripts.

*****

Accordingly, the Second Recusal Motion (ECF Doc. 36) and the Third Transcript Motion (ECF Doc. 37) are both hereby **DENIED with prejudice**. Furthermore, the Court notes that in the time since the Court granted Smith's self-representation request, Smith has filed five separate

motions, none of which has had any basis in law. In its orders, the Court has attempted to explain to Smith why his motions lack merit, but Smith has persisted in repeating the same baseless arguments. The Court's patience for such filings is not without limit, particularly because the Court has previously ordered Smith to refrain from filing meritless requests for grand jury materials. *See* ECF Doc. 32 at 3. Therefore, it is further **ORDERED** that: (1) Smith must refrain from filing any frivolous or redundant motions; (2) prior to filing any additional motions, Smith must consult his standby counsel to determine whether the proposed filing has at least a colorable basis; and (3) any future filing must be accompanied by a certification in which Smith affirms that standby counsel approved the motion's legal basis and reasoning. Should Smith ignore this directive either by continuing to file frivolous or redundant motions or by failing to submit the required certification, the Court will impose a 30-day sentence for contempt of court. Finally, Smith's request to continue the trial is **DENIED**. The trial will proceed as scheduled, and all trial-related deadlines remain in place.

    **IT IS SO ORDERED.**

    */s/ Dan Aaron Polster August 22, 2022*
    **Dan Aaron Polster**
    **United States District Judge**