IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA , | ) | Case No. 1:21 CR 0520 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| DOUGLAS SMITH, | ) | |
| | ) | **ORDER** |
| Defendant. | ) | |
| | ) | |

On August 29, 2022, Defendant Smith filed a motion to dismiss Counts 1 and 2 and motion to strike surplusage from indictment.  ECF Doc. 40.  Defendant Smith's motion is based on the six-year statute of limitations for tax evasion charges.  *See* 26 U.S.C. § 6531(2).  He contends Counts 1 and 2 are barred by the statute of limitations.  He further argues that events occurring more than six years ago should be stricken from the indictment as prejudicial surplusage.

The Government filed a brief in opposition on September 12, 2022.  ECF Doc. 53. The Government cites case law holding the statute of limitations begins to run on the day of the last affirmative act of tax evasion.  *U.S. v. Threadgill,* 572 F. App'x 372, 380 (6th Cir. 2014).  Here, the indictment was filed on July 14, 2021.  Thus,  Counts 1 and 2 are not barred if they allege at least one affirmative act in furtherance of evasion after July 14, 2015, and they do.  Accordingly, Counts 1 and 2 of the indictment are not barred by the applicable statute of limitations.

As to defendant's motion to strike, Federal Rule of Criminal Procedure 7(d) provides "[u]pon the defendant's motion, the court may strike surplusage from the indictment or information."  In general, Rule 7(d) is used "when an indictment contains nonessential allegations that could prejudicially impress the jurors." *United States v. Kemper,* 503 F.2d 327, 329 (6th Cir. 1974).  But here, the Government intends to prove the indictment's allegations predating 2015.  ECF Doc. 53 at 4.  And "if the language in the indictment is information which the government hopes to properly prove at trial, it cannot be considered surplusage no matter how prejudicial it may be (provided, of course, it is legally relevant)." *United States v. Moss*, 9 F.3d 543, 550 (6th Cir. 1993) (quotation omitted).  Because the references to events predating 2015 are not surplusage and are relevant to the Government's case, the Court will not strike them from the indictment.

Because Counts 1 and 2 are not barred by the statute of limitations and the facts predating 2015 are not merely surplusage, the Court DENIES Defendant Smith's motion to dismiss Counts 1 and 2 and motion to strike surplusage from the indictment.  ECF Doc. 53.

IT IS SO ORDERED.


Dated: September 21, 2022                         *s/Dan Aaron Polster*
                                                  United States District Judge