IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:21CR520 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE DAN AARON POLSTER |
| v. | ) | |
| | ) | UNITED STATES OF AMERICA'S |
| DOUGLAS SMITH, | ) | SENTENCING AND RESTITUTION |
| | ) | MEMORANDUM |
| Defendant. | ) | |

Now comes the United States of America, by and through Michelle M. Baeppler, First Assistant United States Attorney, through Robert J. Patton and Suzana K. Koch, Assistant United States Attorneys, and respectfully submits this Sentencing and Restitution Memorandum in anticipation of the sentencing hearing set for Tuesday, February 7, 2023, at 10:00 a.m.

          Respectfully submitted,

          Michelle M. Baeppler
          First Assistant United States Attorney

By:  /s/ *Robert J. Patton*
       Robert J. Patton (OH: 0066590)
       Suzana K. Koch (OH: 0073743)
       Assistant U.S. Attorneys
       Suite 400, U.S. Courthouse
       801 West Superior Avenue
       Cleveland, Ohio 44113
       Tel. No. (216) 622-3856/3748
       Fax No. (216) 522-7309
       E-mail: Robert.Patton2@usdoj.gov
       E-mail: Suzana.Koch@usdoj.gov

**MEMORANDUM**

This memorandum will address the primary components of this Court's consideration of Defendant's sentence. On October 19, 2022, a jury returned a guilty verdict against Defendant Douglas Smith finding that he violated Count 1, Evasion of Payment of Taxes; and Counts 2 through 4, Evasion of the Assessment of Taxes, all in violation of Title 26, § 7201 of the United States Code. The first part of this memorandum will provide a factual summary. Then the government will state its' position on loss amount, the applicability of sentencing enhancements and corresponding guideline calculation under the United States Sentencing Guidelines ("USSG").[1] Secondly, the government will then turn to the factors set forth in Title 18, United States Code, § 3553 and their application to the present case. Finally, the government will present its position on restitution.

**I.     Factual Summary**

Defendant Douglas Smith was a resident of Strongsville, Ohio and licensed as a dentist by the State of Ohio since approximately 1981. Since 1992, Smith has failed to file an income tax return despite being employed and receiving income from working as a dentist. As early as April 17, 2008, the IRS notified Smith of its intent to collect taxes due and owing to the IRS that Smith failed to pay due to not filing income tax returns for tax years 1998, 1999, 2000, 2002, and 2003. On March 13, 2009, the IRS notified Defendant of its intent to collect taxes due and owing to the IRS for tax years 2004, 2005, and 2006, which Smith also had not paid.

Around 2006, Smith started to transfer assets to a trust that he controlled. His theory was that he could evade collection of taxes and payment of his mortgage if the assets were not in his name. Nevertheless, in October of 2010, the IRS filed with the Lorain County Recorder's Office

---

[1] Unless otherwise stated, the government will be referencing the most recent version of the United States Sentencing Guidelines.

a nominee tax lien against Defendant, the Smith 16 Family Trust, and its trustee. On August 29, 2011, the IRS sent Smith a letter notifying him that their next action was to recommend the administrative seizure and sale of any of his assets to satisfy the federal tax liens. Then on January 18, 2012, the IRS seized approximately $250,000 in cash, gold bars, and gold and silver coins from Defendant's Columbia Station Home for non-payment of income taxes to satisfy federal tax liens.

After the seizure, in July of 2013, Smith purported to transfer all his assets, including the Columbia Station Home, to a second trust, the Hillsong Holding Trust, to defeat IRS collection efforts and to try to avoid foreclosure of his home. The IRS continued to attempt to collect unpaid income tax from Smith and in or around December 2015 served a levy on Smith's employer. To shield his assets from IRS collection actions, Smith filed a Chapter 13 bankruptcy petition and made false statements about his assets. Smith's bankruptcy petition initially sought a reorganization of his debts, falsely stated that Defendant did not owe any tax debts, and falsely claimed that Defendant was indebted to Defendant's trust, the Hillsong Holding Trust. By filing the bankruptcy petition, Defendant sought to prohibit IRS from most collection activity, including levying Defendant's wages.

## II. Guideline Calculation

### A. Loss Amount

As an initial matter, a district court is required to make a finding as to loss amount by a preponderance of the evidence using a reasonable estimate predicated upon the facts of the case. Because of the difficulties often associated with attempting to calculate the loss in a tax case, the Guidelines state that the "court will **simply make a reasonable estimate of the loss based on the applicable facts**. USSG § 2T1.1, *Application Note 1*. (emphasis added).

Under USSG §2T1.1(c)(3), "If the offense involved willful failure to pay tax, the tax loss is the amount of the tax that the taxpayer owed and did not pay." Further, under *Application Note 1* of §2T1.1, the definition of "tax loss" does not include interest or penalties, "***except*** in willful evasion of payment cases under 26 U.S.C. § 7201. (emphasis added). In addition, under *Application Note 2* of §2T1.1, it states, "In determining the total tax loss attributable to the offense (see §1B1.3(a)(2)), all conduct violating the tax laws should be considered as part of the same course of conduct or common scheme or plan unless the evidence demonstrates that the conduct is clearly unrelated." see also, *United States v. Mitts*, 396 Fed. Appx. 296 (6th Cir. 2010) (holding that "the Guidelines define 'tax loss' as 'the total amount of loss that was the object of the offense (i.e., ***the loss that would have resulted had the offense been successfully completed***),'" citing USSG § 2T1.1(c)(1).) (emphasis in original); and, *United States v. Psihos*, 683 F.3d 777, 781 (7th Cir. 2012) ("We take the phrase 'the object of the offense' to mean that the attempted or intended loss, rather than the actual loss to the government, is the proper basis of the tax-loss figure." (quoting *United States v. Chavin*, 316 F.3d 666, 677 (7th Cir. 2002)))[2].

In the present case, the proper loss is calculated in one group as all the counts arise from violations of 26 U.S.C. § 7201 (Tax Evasion). Paragraphs 13 and 14 of the Final Pre-Sentence Report (R. 85, PageID# 700)("Final PSR") accurately state that the loss (tax loss) is $726,976.25.[3]

---

[2] *Distinguished on other grounds* in *U.S. v. Black*, 815 F.3d 1048, 1052 (7th Cir. 2015).

[3] In preparation for the sentencing hearing, the government requested that the IRS Revenue Agent re-calculate and verify his computation of the tax loss in this matter. In doing so, the total tax loss increased by $0.03 from $726,976.22 to $726,976.25

| Year | Tax | Penalties | Interest | Other | Payments | Total |
|---|---|---|---|---|---|---|
| 2004 | 38,277.00 | 16,114.76 | 30,348.18 | - | (49,271.48) | 35,468.46 |
| 2005 | 25,863.00 | 11,814.54 | 20,933.70 | 8.00 | (8,905.09) | 49,714.15 |
| 2006 | 36,652.00 | 19,143.17 | 26,930.14 | - | (2.00) | 82,723.31 |
| 2007 | 34,801.00 | 18,114.36 | 33,422.31 | - | - | 86,337.67 |
| 2008 | 10,794.00 | 5,474.02 | 9,124.60 | - | - | 25,392.62 |
| 2009 | 10,548.00 | 5,262.81 | 8,060.46 | - | - | 23,871.27 |
| 2010 | 34,315.00 | 17,035.52 | 23,707.99 | - | - | 75,058.51 |
| 2011 | 21,715.00 | 10,744.54 | 13,585.47 | - | - | 46,045.01 |
| 2012 | 16,379.00 | 8,073.66 | 9,353.05 | - | - | 33,805.71 |
| 2015 | 31,002.00 | 15,284.31 | 12,887.32 | - | - | 59,173.63 |
| 2016 | 24,296.00 | 12,118.85 | 8,539.75 | - | - | 44,954.60 |
| 2017 | 91,970.00 | 45,877.09 | 26,584.22 | - | - | 164,431.31 |
| Total | 376,612.00 | 185,057.63 | 223,477.19 | 8.00 | (58,178.57) | 726,976.25 |

Total of Tax, Penalties, and Interest through 02/07/2023

This Court is afforded deference under a "clearly erroneous" in making its factual findings as to the tax loss. *United States v. Triana*, 468 F.3d 308, 321 (6th Cir. 2006). Per the guidance of § 2T4.1 of the USSG, a tax loss of $726,976.25 places defendant at a base offense level of 20.

  **B.**  **Sentencing Enhancements**

The following enhancement applies to all the counts in the Indictment:

**Obstruction of Justice - USSG § 3C1.1**

An enhancement for obstruction of Justice is appropriate in this case. The Sixth Circuit Court of Appeals recently addressed the application of § 3C1.1, "[t]hat provision increases a defendant's offense level by two "[i]f (1) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and (2) the obstructive conduct related to (A) the defendant's offense of conviction and any relevant conduct; or (B) a closely related offense." *United States v. Essex*, No. 21-6137, 2022 WL 17078717, at 4 (6th Cir. Nov. 18,

2022). The *Essex* court also noted, "[t]he government must demonstrate that the obstruction-of-justice enhancement applies by a preponderance of the evidence. *Id*. (citing *United States v. Dunham*, 295 F.3d 605, 609 (6th Cir. 2002)). Therefore, when a defendant willfully obstructed or impeded the administration of justice regarding the prosecution of his, by a preponderance of evidence, a two-level enhancement for obstruction of Justice is appropriate.

Here, the multiple instances of this Court holding defendant in contempt and flagrantly disregarding this Court's Orders, warrant an enhancement for obstruction. As an initial matter, Paragraph 18 of the Final PSR (R. 85, PageID# 700) properly notes that "[t]he defendant failed to follow Court orders and served improper documents. He was also found in Contempt of Court four times." Indeed, this Court held defendant in contempt and denied his frivolous pleadings multiple times as set forth in the docket summarized below:

1. 10/13/21 – (R. 9) **Order of Contempt** - The Court imposed a two (2) week term of custody for contempt of Court as a result of defendant instructing counsel not to request discovery.

2. 7/18/22 – (R. 32) **Opinion & Order** - For the reasons stated in the Order, Smith's Motion/Request for Copy of the Grand Jury Transcripts (ECF Doc. 29 ) is hereby denied. Furthermore, Smith is ordered to refrain from filing any additional requests that do not attempt to show a compelling and particularized need for the grand jury transcripts.

3. 7/27/22 – (R. 34) **Opinion & Order** - For the reasons stated in the Order, Defendant's 33 Motion for Recusal is denied.

4. 8/22/22 – (R. 38) **Opinion & Order** - The Second Recusal Motion (ECF Doc. 36 ) and the Third Transcript Motion (ECF Doc. 37 ) are both hereby DENIED with prejudice. It is further ORDERED that: (1) Smith must refrain from filing any frivolous or redundant motions; (2) prior to filing any additional motions, Smith must consult his standby counsel to determine whether the proposed filing has at least a colorable basis; and (3) any future filing must be accompanied by a certification in which Smith affirms that standby counsel approved the motion's legal basis and reasoning. Should Smith ignore this directive either by continuing to file frivolous or redundant motions or by failing to submit the required certification, the Court will impose a 30-day sentence for contempt of court. Finally, Smith's request to continue the trial is DENIED.

5. 9/12/22 – **Order** - On August 22, 2022, the Court issued an order requiring Defendant Smith to refrain from filing any frivolous motions and to certify he had consulted standby counsel before filing additional motions. [ECF Doc. 38 ] On September 8, 2022, Defendant Smith filed a motion to compel discovery. [ECF Doc. 50 ] And, after ordering Defendant Smith to clarify his motion and reviewing his additional filing [ECF Doc. 51 ], it appears that his motion to compel may be frivolous. The Court notes Defendant Smith included a certification with his motion to compel stating his standby counsel had reviewed his filing. Accordingly, on or before 12:00 p.m., noon, on September 13, 2022, standby counsel, Craig Weintraub, must submit a filing stating whether he did, in fact, review Defendant Smith's motion to compel [ECF Doc. 50 ] before it was filed.

6. 9/13/22 – **Order** - Defendant's motion to compel [ECF Doc. 50 ] is frivolous and is hereby DENIED. Please be advised that any additional frivolous filings by defendant will result in a $1,000 fine. Please proceed accordingly.

7. 9/23/22 – (R. 62) **Order** - For the reasons stated in the Order, and due to Defendant Smiths repeated disruptions, and after being clearly warned to cease and desist, the Court held Defendant Smith in contempt of Court and fined him $5,000.00. Defendant Smith must pay the $5,000.00 fine to the clerk's office on or before 12:00 p.m. noon on Monday, September 26, 2022. If Defendant Smith does not pay the $5,000.00 fine by 12:00 p.m. noon on Monday September 26, 2022, he will be subject to additional sanctions, including but not limited to imprisonment until the fine is fully paid.

8. 9/26/22 – **Order** - On Friday, September 23, 2022, the Court ordered Defendant Smith to pay the $5,000.00 fine to the clerk's office on or before 12:00 p.m. noon on Monday, September 26, 2022. (Related document 62 ) The Court warned Defendant Smith that failure to pay the $5,000.00 fine by 12:00 p.m. on Monday, September 26, 2022, would result in additional sanctions, including but not limited to imprisonment until the fine is fully paid. Defendant Smith failed to pay the $5,000 fine as this Court directed. The Court will now impose an additional $1,000.00 fine, per day, for each day that Defendant Smith fails to obey this Court's order.

9. 10/11/22 – (R. 72) **Order** - On October 4, 2022, the Court conducted a final pretrial in the captioned case. During the final pretrial, the Court ordered Defendant Smith to produce any exhibits he intended to use at trial by 12:00 p.m. noon on October 10, 2022. Alternatively, if Defendant Smith was no longer planning on introducing exhibits into evidence, the Court ordered him to withdraw his exhibit list. The Court recognizes Defendant Smith is representing himself. However, the Government cannot fully prepare its case if Defendant does not produce the exhibits he intends to use at trial. The Court warned Defendant Smith he would be held in contempt if he did not produce the exhibits or withdraw his exhibit list by 12:00 p.m. noon on October 10, 2022. Despite this clear warning, Defendant has still not produced any exhibits, and trial is scheduled to begin in less than a week. Because Defendant Smith did not comply with the Court's order to produce his exhibits and/or withdraw his exhibit list, the Court finds him in contempt of Court. The Court will impose a three-month sentence to be served at the conclusion of trial.

10. 10/18/22 – (R. 78) **Order** - For the reasons stated in the Order, and because Defendant Smith served another improper document on an employee of the Government involved with his case, he is in direct violation of this Court's prior orders, and is found to be in contempt of court. Accordingly, the Court will impose an additional three-month sentence to be served at the conclusion of trial for Defendant Smith's serving Attorney Patton with another improper document. (Related documents 62, 72).

11. 1/10/23 – (R. 83) **Order** - On January 10, 2023, the Court was notified by United States Probation Officer Kristin Merrill that Defendant Douglas Smith refuses to cooperate with her repeated efforts to conduct an interview to facilitate the preparation of a Presentence Investigation Report. Another interview is currently scheduled for Thursday, January 12, 2023. The Court ORDERS the Defendant to provide all requested information to Officer Merrill at the January 12, 2023, interview. Failure to do so will result in a finding of criminal contempt, with an additional contempt sentence to follow the sentence in the underlying conviction. The sentencing hearing will go forward as scheduled on February 7, 2023, at 10:00 a.m. in Courtroom 18B.

12. 1/12/23 – (R. 84) **Order** - On January 10, 2023, the Court ordered Defendant to provide all requested information to Probation Officer Kristin Merrill during the interview scheduled for January 12, 2023. ECF Doc. 83 . Unfortunately, the Court has been notified that Defendant has refused to provide the requested information. Defendant Smith met with Officer Merrill, confirmed he had seen the Court's order and refused to comply. Accordingly, the Court finds Defendant to be in contempt of the Court's January 10th order. The Court will address this additional contempt finding at Defendant Smith's sentencing hearing on February 7, 2023. Signed by Judge Dan Aaron Polster on 1/12/2023.

Based on the foregoing, there is more than a sufficient basis for this Court to find that defendant obstructed Justice pursuant to the Sixth Circuit's holding in *Essex*.

Accordingly, the government submits that Defendant's USSG guideline calculation is as follows:

| Counts 1-4 – Tax Evasion, 26 U.S.C. § 7201 | | |
|---|---|---|
| Base offense level – tax loss of approximately $726,976.25 | 20 | §§ 2T1.1 & 2T4.1 |
| Obstruction of Justice | 2 | § 3C1.1 |
| **Total Offense Level before Acceptance of Responsibility** | **22** | |

The above guideline level, assuming a Criminal History Category I, corresponds to a range of 41 to 51 months which is consistent with calculation set forth in the Final PSR.

### III. Application of Title 18 U.S.C. § 3553 Factors

#### A. Standard for Imposing a Sentence under 18 U.S.C. § 3553

The Sixth Circuit Court of Appeals requires that a district court provide a reasonable explanation of its application of the sentencing factors set forth in Title 18 § 3553 of the United States Code in imposing sentence. In *United States v. Blackwell*, 459 F.3d 739, 773 (6th Cir. 2006), the Sixth Circuit announced:

> The job of the district court is to impose "'a sentence sufficient, but not greater than necessary, to comply with the purposes' of section 3553(a)." In reaching a sentence that complies with the purposes of § 3553(a), the district court must consider the Sentencing Guidelines range and all relevant § 3553 factors. While a district court need not explicitly reference § 3553 or recite a list of factors, it must provide a reasoned explanation for its choice of sentence and its explanation must be sufficiently thorough to permit meaningful appellate review. . . . This Court will only uphold a sentence if it is reasonable. Reasonableness contains two facets: substantive and procedural. In reviewing for reasonableness, the Court employs a presumption for substantive reasonableness.

*Id*. (citations omitted). The Sixth Circuit has stated that, "while a district court need not engage in a 'ritualistic incantation' of the § 3553(a) factors, its reasoning must be 'sufficiently detailed to reflect considerations listed in § 3553(a)' and to allow for meaningful appellate review." *United States v. Tanner*, 2010 WL 2545589, No. 09-5177, (6th Cir. June 11, 2010) (quoting *United States v. Bolds*, 511 F.3d 568, 581 and *United States v. Mayberry*, 540 F.3d 506, 518 (6th Cir. 2008)). Therefore, a district court must impose a reasonable sentence while expressing enough of its rationale to permit an appellate court to understand the basis for the sentence imposed.

#### B. § 3553(a)(1) - The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant

The nature and scope of Defendant's criminal conduct makes his crimes more serious. Despite his advanced education that allowed him to practice as a dentist, defendant deliberately

9

and consistently evaded the payment and assessment of his federal income taxes for nearly thirty years. As this Court is aware from the above factual basis and evidence introduced at trial, defendant has evaded the Internal Revenue Services' efforts to collect his income taxes at every turn. Defendant's extensive criminal conduct and continued defiance of this Court's authority merits a more serious sentence.

**C.    § 3553(a)(2)(A) - The Need for the Sentence Imposed to Reflect the Seriousness of the Offense, to Promote Respect for the Law, and to Provide Just Punishment for the Offense and § 3553(a)(2)(B) - Afford Adequate Deterrence to Criminal Conduct**

The manner in which Defendant executed his lengthy criminal conduct, as described in the above factual summary, warrants a guideline sentence at the upper limit of the range. Such a sentence will reinforce the rule of law regarding tax defiers who engage in tax evasion over a period of years. A sentence at the upper limit of the guideline range will also reflect the seriousness of defendant's offenses.

**D.    § 3553(a)(2)(B) - Afford Adequate Deterrence to Criminal Conduct**

A sentence at the top end of the calculated guideline range is appropriate to deter similarly situated individuals predisposed to engage in tax evasion.

**E.    § 3553(a)(2)(C) - Protect the Public from Further Crime of the Defendant**

This factor is not readily applicable as the nature of defendant's crimes do not pose a threat to public safety nor involves prospective individual victims.

**F.    § 3553(a)(2)(D) - Provide Defendant with Needed Educational or Vocational Training, Medical Care, or Other Correctional Treatment in the Most Effective Manner**

The Government submits that any treatment Defendant receives as part of his sentence should be in the context of some term of incarceration as his conduct and restitution ordered.

### IV. Restitution Analysis

#### A. This Court has authority to order restitution.

Section 3563(b) of Title 18 authorizes district courts to order a defendant to pay restitution as a discretionary condition of probation. The supervised release statute, 18 U.S.C. § 3583(d), authorizes district courts to impose as a condition of supervised release, "any condition set forth as a discretionary condition of probation in section 3563(b)." The text of § 3563(b) provides that a district court may order the defendant to "make restitution to a victim of the offense under § 3556 (but not subject to the limitation of § 3663(a) or § 3663A(c)(1)(A)." This language makes clear that restitution ordered as a condition of probation or supervised release is available for offenses not covered by §§ 3663(a) and 3663A(c)(1)(A). Section 3556 authorizes a district court to "order restitution in accordance with section 3663," which in turn provides that a court "may order . . . that the defendant make restitution to any victim of such offense." Although § 3663 by its own terms limits restitution to certain (non-Title 26) offenses, § 3563(b) expressly provides that § 3663's limitation in scope does not apply to restitution as a condition of probation (or, accordingly, as a condition of supervised release). See *United States v. Perry*, 714 F.3d 570, 577 (8th Cir. 2013); *United States v. Butler*, 297 F.3d 505, 518 (6th Cir. 2002); *United States v. Bok,* 156 F.3d 157, 167 (2nd Cir. 1998)*; United States v. Daniel,* 956 F.2d 540, 543-44 (6th Cir. 1992); *United States v. Comer,* 93 F.3d 1271, 1278 (6th Cir. 1996).

A court's authority to order restitution for Title 26 offenses as a condition of probation or supervised release is explicitly recognized in the Sentencing Guidelines, which prescribe the use of that authority. See USSG § 5E1.1(a)(2); *Gall v. United States*, 21 F.3d 107, 109-10 (6th Cir. 1994). Generally, under § 5E1.1(a)(2), when a defendant has been found guilty after a trial

11

of a tax crime under Title 26 and a court finds that the government has suffered a loss, the defendant should be ordered to make restitution as a condition of supervised release. See USSG § 5E1.1(a)(2).

The United States, including the Internal Revenue Service, an agency of the United States, is a victim for the purpose of Title 26 of the United States Code. See *United States v. Perry,* 714 F.3d 570, 577 (8th Cir. 2013) (defendant, charged under 26 U.S.C. § 7201, was ordered to "pay restitution to the IRS, as the victim of his tax evasion offense"). Courts have consistently affirmed restitution orders to government agencies and hold such agencies eligible as victims. See *United States v. Senty-Haugen*, 449 F.3d 862, 865 & n.3 (8th Cir. 2006). The wide language of Title 18 as defining a victim as *any* person allows courts to order restitution payments to be made to the United States and its agencies.

### B. Restitution should be made payable by Defendant Douglas Smith to the victim, the Internal Revenue Service, in the amount of $726,976.25.

In this case, the victim, the Internal Revenue Service of the United States, was directly harmed as a result of the Defendant's actions. Here, defendant evaded payment of his income taxes for an extended period of time and frustrated the IRS' efforts to assess his tax for tax years 2015, 2016, and 2017. As a direct and proximate result of defendant's affirmative conduct, the Internal Revenue Service suffered financial loss. This loss would not have occurred if not for the defendant's actions.

V.  **Conclusion**

Defendant engaged in an extensive, pervasive, and long-term scheme to evade the payment and assessment of his taxes.  Defendant should be held to account for the full measure of his conduct.  Accordingly, a sentence at the upper limit of the guideline range, 51 months, is appropriate.

Wherefore, the United States also respectfully requests that the Court order immediate payment of restitution as a condition of probation or supervised release by the Defendant to the Internal Revenue Service in the amount of $726,976.25, with interest continuing to accrue at the statutory rate. Restitution payments for the Internal Revenue Service should be made payable to: Clerk of Court at U.S. Court House, 801 West Superior Avenue, Suite 1-127, Cleveland, Ohio 44113.  See Paragraphs 56 through 59 of the Final PSR (R. 85, PageID# 705-6).  The United States further requests that the Court order the Defendant to liquidate his Financial Accounts in an amount sufficient to pay his restitution immediately and in full.

       Respectfully submitted,

       Michelle M. Baeppler
       First Assistant United States Attorney

By:   /s/ *Robert J. Patton*
       Robert J. Patton (OH: 0066590)
       Suzana K. Koch (OH: 0073743)
       Assistant U.S. Attorneys
       Suite 400, U.S. Courthouse
       801 West Superior Avenue
       Cleveland, Ohio 44113
       Tel. No. (216) 622-3856/3748
       Fax No. (216) 522-7309
       E-mail: Robert.Patton2@usdoj.gov
       E-mail: Suzana.Koch@usdoj.gov