'Court Clerk asked to > file upon demand, file for record' (23-02-13)

**Denied.**
**It is SO ORDERED.**
**s/Dan Aaron Polster**
**United States District Judge**
**February 14, 2023**

TO: THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

FILED

FEB 1 3 2023

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

| | |
|---|---|
| UNITED STATES OF AMERICA, | ( |
| Plaintiff, | ( CASE NO. 1:21-CR-520-DAP-1 |
| vs, | ( JUDGE DAN AARON POLSTER |
| Douglas Smith, a man, | ( |
| Defendant. | ( |

Regarding: Motion to challenge Plaintiff to prove **Territorial\* (land) Jurisdiction**, on the record, with Judicial Notice.

1. Pursuant to - right of man, the accused, or if personal jurisdiction is evidenced as - Cr. RULE 12.1 MOTIONS UNDER FED. R. CRIM. P. 12 Defenses or objections permitted pursuant to Fed. R. Crim. P. 12 shall be made before pleading or within 30 days thereafter unless the Court at the time of arraignment on application of counsel otherwise specifies, or unless good cause is shown. Source: G.R. 12.F. Affiant has not been informed of this limitation. If the above compelling law/rule is not appropriate the Accused asked this court to supply the correct law/rule for the accused, who is not knowledgeable of the court's procedures.
2. NOTICE - This document can not be used to create any form of jurisdiction, or joinder\*.
3. NOTICE - Court Administrator is to take **judicial notice** of all evidence of law herein incorporated.
4. NOTICE - The court is asked to give full written findings of fact and conclusions of law as to this challenge, as by right, by Douglas Smith.
    5. **Supporting Evidence of Law**: "A plaintiff must plead and prove the jurisdictional facts, the facts which show that the court has jurisdiction of the subject matter of the action." Paulsen v. Paulsen, 658 N.W.2d 49, Neb. App.,2003
    6. "Once jurisdiction is challenged, the party cannot proceed when it clearly appears that the court lacks jurisdiction, the court has no authority to reach merits, but rather, should dismiss the action." Melo v. US 505 F2d 1026
    7. "Complaint must charge all that is essential to constitute offense." Smith v. State, 21 Neb. 552, 32 N.W. 594 (1887).