IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. 1:21-cr-00520 |
| Plaintiff, | ) | |
| | ) | Judge Dan Aaron Polster |
| v. | ) | |
| | ) | OPINION & ORDER |
| DOUGLAS SMITH, | ) | |
| | ) | |
| Defendant. | ) | |

Before the Court is Defendant Douglas Smith's *pro se* motion for reduced sentence or compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, and his motion to appoint counsel under 18 U.S.C. § 3006(A). ECF Doc. 112. Smith asserts that extraordinary and compelling reasons exist to reduce his sentence and grant him compassionate release. He cites his medical conditions, rehabilitation efforts, post-release plan, and his status as an elderly, first time offender of a non-violent offense. For the following reasons, the Court DENIES Smith's motion for reduction of sentence or compassionate release and DENIES his motion to appoint counsel.

Background and Procedural History

In July 2021, a grand jury indicted Smith on six counts: Attempted Tax Evasion, in violation of 26 U.S.C. § 7201 (Counts 1-4); Bankruptcy Fraud, in violation of 18 U.S.C. § 157 (Count 5); and Concealment of Bankruptcy Assets, in violation of 18 U.S.C. § 152 (Count 6). ECF Doc. 1. In October 2022, the Court granted the Government's motion to dismiss Counts 5 and 6. ECF Doc. 76. On October 19, 2022, a jury convicted Smith of the remaining four counts. ECF Doc. 80.

Following Smith's conviction, the Court referred the matter to U.S. Probation and Pretrial Services ("Probation Office") to prepare a presentence investigation report (PSR). ECF Non-Doc. Order, 10/19/2022. On December 27, 2022, the Probation Office issued the First Disclosure of the PSR. ECF Doc. 82. Smith had fourteen days to file any objections. ECF Non-Doc. Order, 12/27/2022. He did not file any objections. On January 10, 2023, the Probation Office notified the Court that Smith refused to conduct an interview with Probation Officer Kristin Merrill. ECF Doc. 83. Smith also refused to complete standard background questionnaires or provide releases to facilitate the preparation of the PSR. *Id.* Smith said such information was "private." *Id.* The Court ordered Smith to provide all requested information to Officer Merrill during the scheduled interview on January 12, 2023, or face criminal contempt. *Id.* Smith chose not to cooperate during the interview. ECF Doc. 84-1. Accordingly, the Court found Smith in contempt. *Id.* On January 17, 2023, the Probation Office issued the Final PSR for Smith. ECF Doc. 85.

On February 7, 2023, the Court sentenced Smith to 41 months custody for Counts 1 through 4 (to run concurrently), three years supervised release, a $400 special assessment, and $645,071.82[1] in restitution. ECF Doc. 90. Additionally, the Court imposed a seven month term of custody (to run consecutive to the 41-month sentence) and a $19,000 fine for criminal contempt. ECF Docs. 89, 92. Shortly thereafter, Smith filed a Notice of Appeal to the Sixth Circuit Court of Appeals, which is still pending as of the date of this opinion and order. ECF Doc. 97; Sixth Circuit Court of Appeals Docket No. 23-3166.

On August 24, 2023, Smith filed a motion for reduced sentence or compassionate release and a motion to appoint counsel. ECF Doc. 112. That same day, the Court directed Smith to

---

[1] On February 17, 2023, the Court granted the Government's motion to modify the restitution order, reducing the original restitution amount from $725,976.25 to $645,071.82. ECF Doc. 96.

provide "supplemental medical records or substantiation of the conditions listed in the motion." Non-Doc. Order, 08/24/2023. On September 19, 2023, the Court received Smith's supplemental submission, which consisted of 97 pages of medical records. ECF Doc. 113. The Court did not direct the Government to respond to Smith's motion.

Standard

Under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, a court may reduce an incarcerated person's sentence in extraordinary and compelling circumstances. *United States v. Jones*, 980 F.3d 1098, 1100 (6th Cir. 2020). An incarcerated person must satisfy the exhaustion requirements in § 3582(c)(1)(A) prior to filing. *See United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020). Before granting a sentence modification under § 3582(c)(1)(A)(i), this Court must find: (1) extraordinary and compelling reasons warrant a sentence modification; and (2) the reduction is appropriate considering the 18 U.S.C. § 3553(a) sentencing factors. *United States v. Mukunda Dev Mukherjee*, 2023 U.S. App. LEXIS 10058, at *3 (6th Cir. Apr. 25, 2023) (citing *United States v. Traylor*, 16 F.4th 485, 487 (6th Cir. 2021)). Smith bears the burden of proof to show he is eligible for sentence reduction. *United States v. Young*, 2022 U.S. Dist. LEXIS 191942, at *2 (N.D. Ohio Oct. 20, 2022).

Presently, this Court is not bound by U.S. Sentencing Guideline (U.S.S.G.) § 1B1.13 because Smith filed this motion for compassionate release, not the Bureau of Prisons. *See United States v. Jones*, 980 F.3d at 1108-11 (holding "that U.S. Sentencing Guideline § 1B1.13 is not an 'applicable' policy statement in cases where incarcerated persons file their own motions in district court for compassionate release"). Even so, § 1B1.13 is a "relevant guidepost" to this Court's analysis. *See United States v. Jarvis*, 999 F.3d 442, 446 (6th Cir. 2021) (noting that a

court may look to § 1B1.13 for guidance when determining whether a defendant has established extraordinary and compelling reasons for release).

Analysis

Smith satisfied the exhaustion requirement in § 3582(c)(1)(A). He applied for early release through the Bureau of Prisons on July 18, 2023, received the Warden's denial approximately three weeks later, and then shortly thereafter, filed the subject motion. ECF Doc. 112-1 (Ex. A).

Smith is 69 years-old and held at Federal Correctional Institution Morgantown. ECF Docs. 97; 112, p. 3. His release date is August 8, 2026.[2] Smith asserts that extraordinary and compelling circumstances exist to reduce his sentence or grant him compassionate release. Smith cites his medical history and contends that he suffers from "Congested Heart Failure, Organ Failure, Septic Shock, Acute Kidney Failure, Atrial Fludder, Ventrical Tachycherdia, Heart Enlargement." ECF Doc. 112, p. 2. Additionally, he wears a heart monitor machine on his person due to the severity of his medical conditions. *Id.*

Turning to Smith's supplemental submission, 64 of the 97 pages of Smith's medical records pertain to treatment that he received in November and December 2022, prior to his sentencing in February 2023. ECF Doc. 113-1, pp. 1-64. Importantly, Smith did not bring these matters to the Court's attention during the sentencing hearing. The Court reviewed the two paragraphs in the Final PSR under "Physical Condition" that noted Smith's hospitalization in November 2022 and provided a short description of his health conditions. ECF Doc. 85, p. 8. Prior to his sentencing, Smith never suggested to the Probation Office nor represented to the Court the gravity of his medical conditions. Smith was well enough to work regularly as a

---

[2] *See* https://www.bop.gov/mobile/find_inmate/index.jsp#inmate_results.

dentist while his case was pending, after sentencing, and up until he started his prison sentence. ECF Doc. 85, p. 8. Smith's obstinate conduct with Probation Officer Merrill and refusal to provide background information or answer any questions may have contributed to an incomplete picture of his health conditions.[3] But only one person bears the responsibility for that outcome.

The remaining thirty pages of Smith's medical records relate to a single emergency room visit on February 21, 2023, a few weeks after Smith entered Bureau of Prisons' custody. ECF Doc. 113-1, pp. 65-97. The medical records state that Smith "presented to ER with complaints of shortness of breath and palpitations. He had previous hospitalization in November with same complaints. Patient was non-compliant with follow up and with medications." *Id.* at p. 69.

Fortunately for Smith, during his two-day, in-patient stay, doctors performed numerous tests, prescribed him new medication, and ultimately determined that his episode of ventricular tachycardia "was brought under control." *Id.* at pp. 66. In the Response to Inmate Request to Staff, the Warden noted that Smith is "Care Level 2, Stable Chronic care;" his medical status is "stable;" and the prison facility can "adequately manage" his medical needs." ECF Doc. 112-1, p. 2. Therefore, there is no evidence before the Court that Smith has any condition which cannot be adequately treated. A sentence modification or compassionate release is unlikely to improve Smith's existing medical conditions. Accordingly, Smith's medical conditions are not extraordinary and compelling reasons for relief.

Next, Smith argues that his rehabilitation efforts, post-release plan, low recidivism risk, and his status as an elderly, first time offender of a non-violent offense merit relief. But these are

---

[3] The Final PSR states "The defendant failed to attend two scheduled presentence interviews, refused to provide information on forms, refused to sign standard releases of information, and answer the probation officer's questions during the third scheduled interview; therefore, the information contained herein was obtained from the defendant's pretrial services report and remains unverified. However, the defendant provided medical records for the 'Physical Condition' section of the report." ECF Doc. 85, p. 7.

neither extraordinary nor compelling reasons to grant relief. The fact that Smith is a first time offender and committed non-violent offenses does not negate the serious nature of his crimes that spanned more than a decade and deprived the Federal Government of over half a million dollars. Additionally, Smith has just begun his roughly four-year prison sentence for his criminal conduct. To release him now would diminish the seriousness of Smith's very serious tax offenses.

Finally, Smith's efforts to maintain a clear disciplinary record, enroll in educational courses, and take vocational programs indicate that he may be on the right path. ECF Doc. 112, p. 3. It is commendable that Smith has formed a post-release plan for employment, living, and medical insurance. *Id.* Even so, Smith's rehabilitation efforts and achievements are insufficient to support his motion on their own. *United States v. McCall*, 56 F.4th 1048, 1051 (6th Cir. 2022); *see also* 28 U.S.C. § 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason."). Accordingly, Smith's circumstances do not justify his release.

Smith failed to identify extraordinary and compelling reasons that warrant a sentence modification. Accordingly, the Court need not address whether a sentence reduction is appropriate under the § 3553(a) sentencing factors. *See United States v. Mukunda Dev Mukherjee*, No. 22-1627, 2023 U.S. App. LEXIS 10058, at *3 ("If either criterion is not satisfied, the court may deny compassionate release and need not address the other criterion.") (citing *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021)). Finally, Smith's request to appoint counsel is denied as moot.

Conclusion

The Court finds that Smith failed to identify extraordinary and compelling reasons under 18 U.S.C. § 3582(c)(1)(A) to warrant sentence reduction or compassionate release. Accordingly, the Court **DENIES** Smith's motion for reduction of sentence or compassionate release and **DENIES** Smith's motion to appoint counsel.

Date: September 25, 2023

*/s/ Dan Aaron Polster*
Dan Aaron Polster
United States District Judge